J-S72031-16

2016 PA Super 284

B.L.,                                        :     IN THE SUPERIOR COURT OF
                                             :         PENNSYLVANIA
              Appellant                      :
                                             :
        v.                                   :
                                             :
T.B. AND F.L.,                               :
                                             :
              Appellees                      :     No. 828 MDA 2016

Appeal from the Order Entered April 27, 2016
in the Court of Common Pleas of Schuylkill County
Civil Division, at No(s): S-1431-2014

BEFORE:    GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:            **FILED DECEMBER 13, 2016**

B.L. (Guardian) appeals from the April 27, 2016 order which granted

the motion of F.L. (Father) to dismiss the complaint for custody of J.L. and

M.L. (Children, collectively). We affirm.[1]

Children were born in Texas to Father and T.B. (Mother). Children

lived in Texas until the summer of 2013, when they began residing in

Pennsylvania with Guardian, who is a cousin of Mother.[2] The arrangement

---

[1] Also before us is Father's motion to dismiss pursuant to Pa.R.A.P. 1972(3), which provides that any party may move to dismiss an appeal "for want of jurisdiction in the unified judicial system of this Commonwealth." Pa.R.A.P. 1972(3). Because this Court has jurisdiction over this appeal from a final order of the trial court pursuant to 42 Pa.C.S. § 742, we deny Father's motion. *See*, *e.g.*, *Astorino v. New Jersey Transit Corp.*, 912 A.2d 308, 310 (Pa. Super. 2006) (reviewing and affirming order that dismissed action for lack of subject matter jurisdiction).

[2] Children have an older sister who remained in Texas and who is not involved in this case.

* Retired Senior Judge assigned to the Superior Court.

was governed by a guardianship agreement, which was signed by Guardian, Father, and Mother. The agreement provided that Father and Mother had determined that it would be in the best interests of Children to be in Guardian's primary care, and that they "consent to provide full legal and physical guardianship over the person" of Children to Guardian. Appointment of Guardianship, 6/7/2013. The agreement further provided that the guardianship appointment "shall extend until August 29, 2014, unless revoked prior thereto, in writing, by mutual agreement of the parties or by order of court." *Id.*

In October 2013, Father filed a custody action in Texas which resulted in an order establishing the custodial arrangements between Mother and Father, and giving Father the right to designate Children's primary residence without regard to geographic location. Texas Custody Order, 10/30/2013, at 3. Guardian was not notified of, and thus did not have the opportunity to participate in, the Texas custody proceedings.

On July 25, 2014, Guardian filed a custody complaint in the Court of Common Pleas of Schuylkill County. On August 27, 2014, following a conciliation conference, an interim order was entered maintaining the status quo pending trial. Trial was repeatedly scheduled and continued as the parties sought to reach an agreement on custody. After the parties reported having resolved the case and sought time for stipulations to be executed,

the court cancelled the trial and directed the parties to provide the stipulations to the court as soon as possible. Order, 1/9/2015.

On August 26, 2015, Guardian filed a praecipe for trial, and trial was scheduled for January 21, 2016. Father and Guardian appeared before the trial court on that date, and the court learned that (1) Guardian changed her mind about "the previous resolution based on information provided to her by [C]hildren's counselor" and (2) Father wished to file a motion "questioning the jurisdiction" of the Schuylkill County court. Order, 2/19/2016. The trial court accordingly struck the case from the trial list and set a schedule, and later an amended schedule, for pretrial motions.

On March 22, 2016, Father filed a motion to dismiss Guardian's complaint, arguing alternatively that the existence of the Texas custody order deprived the trial court of jurisdiction, or that the trial court should decline to exercise jurisdiction because Texas is a more convenient forum. Motion to Dismiss, 3/22/2016, at 6. The trial court granted Father's motion by order of April 27, 2016. Guardian timely filed a notice of appeal.[3]

---

[3] Guardian did not file a statement of errors complained of on appeal contemporaneously with her notice of appeal as required by Pa.R.A.P. 1925(a)(2)(i). However, this Court has "concluded that a bright-line application of the waiver rule was not warranted in that case for violating the procedure outlined in Pa.R.A.P. 1925(a)(2)(i)." *J.P. v. S.P.*, 991 A.2d 904, 907 (Pa. Super. 2010). Here, Guardian ultimately filed her statement, the trial court has addressed Guardian's issues, and there is no apparent prejudice. Furthermore, the dispositive issue, subject matter jurisdiction, is one that can be raised at any time or by this Court *sua sponte*. **B.J.D. v.**

Whether a court has subject matter jurisdiction is a question of law, for which our standard of review is *de novo* and our scope of review plenary.[4] *S.K.C. v. J.L.C.*, 94 A.3d 402, 408 (Pa. Super. 2014). "[T]he question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte.*" *B.J.D.*, 19 A.3d at 1082.

Guardian filed her custody complaint in Pennsylvania, unaware that there had been a prior order entered governing custody of Children. Once it was determined that a Texas court entered an initial custody determination that awarded custody to Father, the question became whether the Pennsylvania trial court had jurisdiction to modify the Texas order. That question is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which has been adopted in both Pennsylvania and Texas. *See* 23 Pa.C.S. §§ 5421-5482; Tex. Fam. Code Ann. §§ 152.001-152.317.

Under the UCCJEA, once a court makes an initial custody determination, that court retains exclusive, continuing jurisdiction over the determination until that court decides that it no longer has sufficient

---

*D.L.C.*, 19 A.3d 1081, 1082 (Pa. Super. 2011). Therefore, waiver is not an issue in this appeal.

[4] It appears that the trial court dismissed Guardian's petition because it decided to decline to exercise jurisdiction, rather than because found that Pennsylvania lacked jurisdiction. However, "we may uphold a decision below if there is any proper basis for the result reached; thus, our affirmance may be based on different grounds from the trial court." *In re Adoption of R.J.S.*, 889 A.2d 92, 98 (Pa. Super. 2005).

connection to the case. *See* 23 Pa.C.S. § 5422; Tex. Fam. Code Ann. §§ 152.202. The UCCJEA contains a provision governing jurisdiction to modify custody orders. Pennsylvania's statute governing modification provides as follows:

> Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction),[5] a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2) (relating to initial child custody jurisdiction) and:
>
>> (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or
>>
>> (2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S. § 5423.

Here, there is no indication in the record that the Texas court was notified about the pendency of the present action, let alone that it had ruled that Texas no longer had exclusive, continuing jurisdiction or that Pennsylvania would be a more convenient forum. Further, the trial court determined that Father and Mother continue to reside in Texas. Because

---

[5] Guardian does not argue that the Pennsylvania court had temporary emergency jurisdiction, and it does not appear to us that such jurisdiction has been established in this case.

neither subsection (1) nor (2) of section 5423 applies, the trial court lacked jurisdiction to modify the Texas order. *Cf. T.A.M. v. S.L.M.*, 104 A.3d 30, 34 (Pa. Super. 2014) (holding Pennsylvania had jurisdiction to modify Tennessee custody order where the child had been living in Pennsylvania for three years and no parent or person acting as a parent resided in Tennessee any longer).

Guardian challenges the Texas custody order on the basis that she, the guardian of Children, was not given the requisite notice and opportunity to be heard prior to its entry. Guardian's Brief at 5-6. She also claims that Texas lacked jurisdiction to make the initial custody determination because it was not the home state of Children in October 2013. *Id.* Guardian further argues that, even if the order is valid, Texas law does not provide for its exclusive continuing jurisdiction in the matter. *Id.* at 7.

First, Texas did have jurisdiction to make the initial custody determination. The Texas statute concerning initial custody jurisdiction provides, in relevant part, as follows:

> [A] court of this state has jurisdiction to make an initial child custody determination only if:
>
> > (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state….

Tex. Fam. Code Ann. § 152.201(a). Home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." Tex. Fam. Code Ann. § 152.102(7).

Guardian contends that Texas was not the home state of Children in October 2013 because they had been living in Pennsylvania since June 2013. Guardian's Brief at 5. Guardian is correct that Children had not been living in Texas for at least six consecutive months immediately before Father commenced the action in Texas. However, Guardian ignores the facts that Children had lived in Texas the entire time before they came to Pennsylvania, making Texas the home state of Children within six months before Father filed the action there, and that Father and Mother continued to live in Texas. Accordingly, Texas had jurisdiction in October 2013 to make an initial custody determination under Tex. Fam. Code Ann. § 152.201(a).

Second, Texas does have exclusive, continuing jurisdiction over that initial custody determination. The relevant Texas statute provides that once it has made an initial custody determination under section 152.201, it has exclusive, continuing jurisdiction until "(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the

child's care, protection, training, and personal relationships." Tex. Fam. Code Ann. § 152.202(a).

Guardian's argument is as follows:

> Taking the above elements one at a time, it is clear that the Children in this case have virtually no connection, much less a significant connection, with Texas given that they have not resided in Texas for nearly three years. Further, it is clear that substantial evidence is no longer available in Texas concerning the Children's care, protection, training, and personal relationships given the length of their absence from Texas.
>
> It is also clear that if the Children have no connection with Texas then it is impossible for a child **and** one parent or a child **and** a person acting as a parent to have a significant connection with the State of Texas.

Guardian's Brief at 7 (emphasis in original).

If we actually do take the elements of the Texas statute one at a time, starting with the first one, it is clear that Guardian's argument is unavailing. Guardian has ignored the requirement that the determinations as to the rest of the elements listed in subsection 152.202(a)(1) must have been made by "a court of this state," *i.e.*, a Texas court. The record does not show that any Texas court has made such a ruling.

Finally, even if the Texas order were a legal nullity for one reason or another, Pennsylvania did not have jurisdiction to make an initial custody determination. The Pennsylvania statue regarding initial jurisdiction is as follows.

## § 5421.  Initial child custody jurisdiction

**(a) General Rule.--**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships.

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

**(b) Exclusive jurisdictional basis.**--Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth.

**(c) Physical presence and personal jurisdiction unnecessary.**--Physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.

23 Pa.C.S. § 5421.  "Home state" is defined as follows:

The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding.  In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned.  A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S. § 5402.

As noted above, Children were absent from Texas pursuant to a guardianship agreement that provided that Guardian's appointment "shall extend until August 29, 2014, unless revoked prior thereto, in writing, by mutual agreement of the parties or by order of court."  Appointment of Guardianship, 6/7/2013.  Guardian argues that the trial court erred in concluding that the agreement was temporary because nothing in the agreement refers to the appointment as temporary; she claims that the agreement "is not worded in such a way that it states it will terminate on that date, rather the wording is such that the guardianship could continue past that date."  Guardian's Brief at 12.

Guardian's interpretation is patently incorrect. The plain language of the agreement set a maximum length of the guardianship - until August 29, 2014 - but provided that it could end sooner by being revoked prior to that end date. Nothing in the agreement contemplates an extension of Guardian's appointment beyond August 29, 2014. Thus, the trial court properly construed the agreement as a temporary guardianship.

The temporary nature of the guardianship rendered Children's absence from Texas a temporary absence. **M.E.V. v. R.D.V.**, 57 A.3d 126, 133 (Pa. Super. 2012) (holding that absence from prior state was temporary during the time it was contemplated that the parent and child would return to the other state). Under our definition of "home state," Children's temporary absence from Texas counts toward their Texas residency. **R.M. v. J.S.**, 20 A.3d 496, 507 (Pa. Super. 2011) ("[F]or home state determination, the law is clear that if a parent leaves one state temporarily and takes the child to another state, no matter for how long, the child is still considered as having 'lived' in the first state during the time of that temporary absence.").

Thus, at the time Guardian instituted the custody proceedings in Pennsylvania, Pennsylvania law provided that Texas, not Pennsylvania, was the home state of Children. Because Children had a home state elsewhere, and that home state had not declined to exercise jurisdiction, Pennsylvania lacked jurisdiction to make an initial custody determination under section 5421.

Guardian has sound arguments against the propriety of the initial Texas determination and in favor of Pennsylvania as a more appropriate jurisdiction at this time for making a custody determination as to Children. However, for all of the foregoing reasons, those arguments must be presented to the court in Children's home state of Texas.

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016

---

[6] Because we have concluded that the trial court lacked subject matter jurisdiction, Guardian's remaining issues on appeal are moot.