J-A22010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| K.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| E.S.C., SR. AND J.C.C. | |
| Appellants | No. 612 EDA 2017 |

Appeal from the Order Entered January 10, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-28814

BEFORE: BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 02, 2017**

E.S.C., Sr. ("Father") and J.C.C. ("Mother"), (collectively "Parents"), appeal from the January 10, 2017 order denying their petition to relinquish jurisdiction, which requested that the Court of Common Pleas of Montgomery County relinquish jurisdiction and transfer this matter to the State of Connecticut.[1]  We affirm.

---

[1] We note that, pursuant to Pa.R.A.P. 311(b), an order sustaining venue is appealable as of right only if:

> (1)   the plaintiff, petitioner, or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or

*(Footnote Continued Next Page)*

*  Retired Senior Judge specially assigned to the Superior Court.

We set forth the salient factual and procedural history as follows:

This case concerns C.C., born on December 17, 2010. The child lived in Montgomery County, Pennsylvania, as did his mother and father. The child's father died on July 10, 2012[,] and the child's mother had her parental rights terminated on October 22, 2013. The child's paternal grandparents adopted the child on August 20, 2014, and they are now his mother and father. On September 1, 2014, mother and child moved from Souderton, Pennsylvania to Norwich, Connecticut, while father stayed behind in Pennsylvania because of his employment schedule. Father commuted from Souderton, Pennsylvania to his job at Pfizer, Inc., in West Trenton, New Jersey during the week. Father would commute to Connecticut on weekends.

On October 27, 2014, shortly after mother and child relocated to Connecticut, the child's maternal grandmother [("Grandmother")], as plaintiff, commenced this custody action against the parents, as defendants, seeking shared legal and partial custody of the child. . . . On April 8, 2015, the parties appeared before the [trial court] and presented evidence during a full-day hearing on grandmother's custody complaint. The parties on that date reached an agreement by which grandmother would have partial physical custody, and that agreement was recited on the record and made an order of this court. That agreed order was amended, by agreement of the parties, by the "Stipulated Order to Clarify Order" filed on December 9, 2015. The result was an agreed custody order by

_(Footnote Continued)_ ————————————

(2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

Pa.R.A.P. 311(b). Neither of these requirements has been met herein. Nevertheless, this Court has allowed an appeal from an order denying a petition to change venue when there were no other claims pending before the trial court. *See Galgon v. Martnick*, 653 A.2d 44, 46 n.1 (Pa.Super. 1995) (finding order denying petition to transfer venue was final where all that remained before court was pending support order). As there are no other outstanding matters pending before the trial court, this appeal is properly before us.

which grandmother would have physical custody of the child one weekend every month (three overnights), with an extra day or days appended during the three summer months and some holidays.

On October 4, 2016, the parents commenced an action against grandmother in Connecticut. It was an action for an order of protection, which is Connecticut's version of Pennsylvania's Protection from Abuse. Parents sought relief from the Connecticut court based on their claim that the child's seven year old cousin had committed an act of sexual abuse upon him while both children were in grandmother's care in Pennsylvania. Temporary relief was denied as final relief.

On November 7, 2016, the parents filed to the Superior Court, Judicial District of New London at Norwich, Connecticut, a "Post-Judgment Motion to Modify, Suspend and/or Provide Supervised Access." By that motion, the parents asserted that "it is no longer in the child's best interest to have unsupervised contact with the plaintiff." The parents asked Connecticut to terminate grandmother's right to partial custody[.]

In support of their request made to the Connecticut court, the parents leveled two charges against grandmother. The first was that the child was being exposed to knowledge of the existence of his biological mother while in grandmother's care. The second was that the child was being physically endangered while in grandmother's care. More specifically, the parents accused grandmother of: (1) failing to "adequately supervise" the child while in her care; (2) permitting the child to be "in the presence" of the biological mother; (3) permitting the other children in grandmother's custody to "mak[e] statements to the [child] about his adoption"; (4) failing to "provide adequate arrangements" for the child; (5) having on display in grandmother's home "prominent pictures" of biological mother; and (6) permitting all children in grandmother's custody "to go to a local park without an adult."

. . . .

On December 9, 2016, per the [trial court's] directive, the parents filed with this court a prayer for relief styled as a "Petition to Relinquish Jurisdiction." By their petition, the

- 3 -

parents asked this court to "relinquish jurisdiction and transfer jurisdiction to the State of Connecticut."

Trial Court Opinion, 4/13/17, at 1-4 (internal citations omitted).

Following a hearing on the matter, the trial court denied Parents' petition. Parents filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court authored a Rule 1925(a) opinion. This matter is now ready for our review.

Parents raise three questions for our consideration:

(1) Where the child and the parents do not have a significant connection with this Commonwealth and substantial evidence is no longer available in this Commonwealth regarding the child's care, protection, training, and personal relationships, under 23 Pa.C.S.A. § 5422, including because (a) [Parents] and the child now live in Connecticut and neither of the parents reside and exercise parenting time with the child in Pennsylvania, and accordingly, there is no basis to find that a significant connection with Pennsylvania exists; and (b) the parents and the child all live in Norwich, Connecticut, where the child's teachers, counselor, school, and healthcare providers are located, as well as all other witnesses regarding the child's care, protection and training, and accordingly there is no basis to find that substantial evidence relating to the child's care, protection, training, and personal relationships remains present within Pennsylvania;

(2) Where the child and his parents do not presently reside in this Commonwealth, under 23 Pa.C.S.A. § 5422, including because: (a) the child and his parents do not presently reside in Pennsylvania and instead have lived in Connecticut for over two years; (b) parent E.S.C.'s merely sleeping overnight in Pennsylvania at most three times per week when he is working in New Jersey does not constitute

- 4 -

residing in Pennsylvania under 5422 (a)(3), per Section 5422, Uniform Law Comment, paragraph 2; (c) the child's maternal grandmother's status as a Pennsylvania resident and visitation claimant does not provide a basis for conferring exclusive, continuing jurisdiction on this Commonwealth, per Section 5422, Uniform Law Comment, paragraph 2; and (d) in construing and applying Section 5422, the trial court properly should have considered the above referenced official comments to the Uniform Child Custody Jurisdiction and Enforcement Act when interpreting that statute which was adopted by Pennsylvania several years after the comments were published; and

(3)     Because this Commonwealth is an inconvenient forum, including because (a) the child and parents have lived in Connecticut for over two years; (b) all witness including the child's counselor, teachers and healthcare providers, and the parents and the child, are located in the State of Connecticut; (c) the State of Connecticut has already started proceedings regarding the pertinent issues relating to maternal grandmother's visitation with the child, and it is the more convenient forum in accordance with the applicable statute; (d) Connecticut is the child's home state, and as a general rule, the home state of the child is the preferred forum; and (e) since a hearing/proceeding is being held in Connecticut, the Connecticut court can make a determination that the child no longer resides in the Commonwealth of Pennsylvania?

Appellants' brief at 4-6.

Parents' first and second issues challenge the trial court's determination that it has subject matter jurisdiction over their custody dispute. As we observed in *B.L. v. T.B.*, 152 A.3d 1014 (Pa. Super. 2016), "[w]hether a court has subject matter jurisdiction is a question of law, for which our standard of review is *de novo* and our scope of review is plenary."

- 5 -

*Id*. at 1016 (Pa. Super. 2016) (citing **S.K.C. v. J.L.C.**, 94 A.3d 402, 408 (Pa.Super. 2014)).

The Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") reads in pertinent part:

> (a)     General rule.--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:
>
> > (1)  a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with the Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or
> >
> > (2)  a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

23 Pa.C.S. § 5422(a).

Parents first contend that the trial court no longer has exclusive, continuing jurisdiction over their custody matter. They argue that a significant connection with Pennsylvania "no longer exists in the present matter." Appellants' brief at 15. Parents note that they and the child live in Connecticut, and that neither parent resides or exercises parenting time with the child in Pennsylvania. Further, Parents specifically dispute that Father

resides in Pennsylvania, asserting that he merely sleeps in the state three nights a week in order to commute to work in New Jersey.

In order to undermine the import of Grandmother's status as a Pennsylvania resident, Parents emphasize the official comments to § 5422, which note that "a remaining grandparent or other third party who claims a right to visitation, should not suffice to confer exclusive, continuing jurisdiction on the state that made the original custody determination after the departure of the child, the parents and any person acting as a parent." Appellants' brief at 16 (citing 23 Pa.C.S. § 5422, comment). Parents claim that this comment prohibited the trial court from relying on Grandmother's residency or contacts with the child to support ongoing jurisdiction. Finally, Parents assert that substantial evidence relating to the child's care, protection, training, and personal relationships does not exist in Pennsylvania, as this proof is available only in Connecticut where he currently lives.

After reviewing the certified record and the parties' briefs, we affirm on the basis of the trial court's opinion. *See* Trial Court Opinion, 4/13/17, at 10-11 (concluding that the child, C.C., maintained a significant connection with Pennsylvania and that substantive evidence regarding his care, protection, training and personal relationships necessarily exists in this Commonwealth since Parents raised claims that Grandmother's care of the child within the state was deficient). As noted by the trial court,

Grandmother exercises custody over C.C. three nights a week, once every month, with extra days during the summer and during holidays. *Id*. at 2, 6. While staying with Grandmother, C.C. lives with four cousins and a half-sister, and regularly spends time with other family members living in the area. *Id*. at 6. Moreover, Parents raised claims implicating Grandmother's care of the child while he lives in Pennsylvania, and those allegations will be resolved by examining evidence obtained from his time within the Commonwealth. Thus, we find the court did not err in this regard.

Second, Parents argue that the trial court lacks jurisdiction over this matter since Parents and child moved to Connecticut. Parents again rely on the commentary to § 5422, which, in this regard, states, "when the child, the parents, and all persons acting as parents physically leave the state to live elsewhere, the exclusive, continuing jurisdiction ceases." Appellants' brief at 19 (citing 23 Pa.C.S. § 5422, comment) (emphasis omitted). Parents maintain that they do not physically live in Pennsylvania, and that Father only sleeps in Pennsylvania three nights a week due to his occupation.

Again, we affirm on the basis of the trial court's opinion. *See* Trial Court Opinion, 4/13/17, at 11-12 (concluding that Father lives in Pennsylvania for three overnights a week, and therefore § 5422(a)(2) does not divest the Commonwealth of jurisdiction). The trial court found and the record reveals that Parents own a house in Souderton, Montgomery County,

which Father uses three days a week. *Id*. at 5. Although Father lives in Connecticut a portion of the week, he also physically resides, for the purposes of § 5422(a)(2), in Pennsylvania for the remainder of the week. No relief is due.

Finally, Parents contend, in the alternative, that the trial court erred in failing to grant their petition to relinquish jurisdiction since Pennsylvania is an inconvenient forum. The UCCJEA reads, in pertinent part:

    (a)    General rule.--A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion or request of another court.

    (b)    Factors.--Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

        (1)    whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

        (2)    the length of time the child has resided outside this Commonwealth;

        (3)    the distance between the court in his Commonwealth and the court in the state that would assume jurisdiction;

        (4)    the relative financial circumstances of the parties;

(5)     any agreement of the parties as to which state should assume jurisdiction;

(6)     the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7)     the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S. § 5427(a) and (b).     Since this argument assumes the Commonwealth has jurisdiction over the matter, we apply a discretionary standard of review.  **S.K.C.**, **supra**, at 406 (noting, "when a trial court possesses subject matter jurisdiction over a child custody dispute, a trial court's decision to exercise that jurisdiction is subject to an abuse of discretion standard of review.").

Parents do not set forth the relevant factors delineated in § 5427. Rather, they simply argue that they commenced proceedings against Grandmother in Connecticut, and Pennsylvania is otherwise inconvenient since they have lived in Connecticut for more than two years.  They maintain that many of the witnesses they would call on their behalf dwell in Connecticut, including C.C.'s counselor, teachers, and healthcare providers. Finally, Parents aver that Grandmother only works part-time, and, as such, Connecticut would be a less-inconvenient forum for her.

Upon review of the certified record, we affirm this issue on the basis of the trial court opinion.  **See** Trial Court Opinion, 4/13/17, at 12-15

- 10 -

(concluding that the § 5427 factors militate in favor of Pennsylvania retaining jurisdiction over this matter). The trial court evaluated the § 5427 factors in light of the facts of this case and found that factors 3, 4, 5, 6, and 8 were relevant to this proceeding and weighed in favor of Pennsylvania retaining jurisdiction. We agree with that assessment. The court found that factor five slightly favored Pennsylvania since, although the parties had not entered into a forum selection clause, they had agreed on April 8, 2015, that any future custody proceedings would occur in Pennsylvania. Similarly, factor eight slightly favored Pennsylvania since the trial court had been involved from the early stages of the proceeding. Nevertheless, it observed that, although its involvement had not been extensive, it had been far more involved than the court in Connecticut.

In addition, the trial court concluded that factors three and four strongly favored Pennsylvania, noting the financial disparity between the parties, and the burden Grandmother would endure traveling to Connecticut. The court highlighted that Parents retain ownership of a house in the Commonwealth. Finally, the trial court determined that factor six was nearly dispositive in favor of Pennsylvania, observing that the evidence required to resolve the litigation is almost entirely in this state since this matter involves Grandmother's care of C.C. while exercising her visitation rights in Pennsylvania. We find that the record supports the trial court's

determination, and thus, it did not abuse its discretion in denying Parents' petition to relinquish jurisdiction.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/2/2017*