J-A12028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| M.M. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| J.M. | : | No. 1583 WDA 2018 | |

Appeal from the Order Entered October 4, 2018
In the Court of Common Pleas of Butler County Civil Division at No(s):
Case No. 18-90407-C

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                  **FILED JULY 03, 2019**

M.M. ("Mother") appeals from the October 4, 2018 Order entered in the Butler County Court of Common Pleas, which denied Mother's Petition for Special Relief and found that Alaska retains jurisdiction to make determinations regarding her child custody case with J.M. ("Father").  Upon careful review, we affirm.

We glean the following factual and procedural history from the certified record.  Mother and Father are parents to two minor children, N.M. (born June 2005) and W.M. (born April 2007) (collectively "Children").  The child custody proceedings commenced in Alaska in 2015.  On May 17, 2017, upon agreement by the parties, the Superior Court for the State of Alaska issued a Final Custody Order awarding Mother and Father joint legal custody of Children, Mother primary physical custody in Pennsylvania during the school

year, and Father partial physical custody in Alaska during the summer months. Final Custody Order, 5/17/17, at ¶ 1, 2.

On June 28, 2018, Father filed a Motion to Modify Custody in the Alaska court seeking primary physical custody. In response, on July 6, 2018, Mother filed a Complaint for Custody in the Court of Common Pleas of Butler County, Pennsylvania.

On July 9, 2018, Father filed a motion in the Alaska court asserting that jurisdiction should remain in Alaska, which Mother opposed. On July 17, 2018, Mother filed a Petition for Special Relief in Pennsylvania requesting "that jurisdiction for the [custody] case be changed to Pennsylvania, indefinitely." Petition for Special Relief, 7/17/18, at ¶ 8.

On August 8, 2018, the Alaska court held that, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Alaska continues to have exclusive jurisdiction regarding the custody of Children and found that "children continue to have significant connection to the state of Alaska and that substantial evidence regarding the children continues to exist in Alaska." Order Denying Change of Jurisdiction, 8/8/18, at ¶ 1. Mother did not appeal this Order. On September 4, 2018, the Alaska court denied Father's Motion to Modify Custody.

On October 4, 2018, after a hearing, the Pennsylvania court denied Mother's Petition for Special Relief and found that "Alaska is the appropriate jurisdiction to determine issues regarding custody of [Children]." Order of the Court, 10/4/18. Father filed a Motion to Dismiss Mother's Complaint for

Custody on October 9, 2018, which the Pennsylvania court granted the same day by operation of law.

Mother timely appealed. Mother and the trial court both complied with Pa.R.A.P. 1925.

**Issues on Appeal**

Mother raises the following issues on appeal:

1. The trial court erred when it narrowly applied [the UCCJEA] adopted in Pennsylvania at [23 Pa.C.S. § 5423,] without considering the initial determination that needs to be made under [23 Pa.C.S. § 5421](a)(1) or (2).

2. The trial court erred when it did not apply [23 Pa.C.S. § 5422(b)] in this case and did not find that an initial determination of jurisdiction was apparent under [§ 5421.]

3. The trial court further erred when it misapplied the case of [***Billhime v. Billhime***, 952 A.2d 1174 (Pa. Super. 2008)] and inaccurately determined that the significant connection that [Children] have had with Pennsylvania for approximately two (2) years is not enough to relinquish Alaska of its jurisdiction to Pennsylvania.

Mother's Br. at 7 (reordered for ease of disposition).

**Legal Analysis**

In each issue she raises on appeal, Mother challenges the trial court's finding that Alaska retains subject matter jurisdiction over this custody case. Whether a court has subject matter jurisdiction is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. ***B.L. v T.B.,*** 152 A.3d 1014, 1016 (Pa. Super. 2016). Here, the UCCJEA governs the issue of subject matter jurisdiction, requiring us to engage in statutory

interpretation in the context of the facts of the instant case.[1] When ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. *Brown v. Levy*, 73 A.3d 514, 517 (Pa. 2013). We are guided by the principle that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." *See* 1 Pa.C.S. § 1922(1).

Mother's first two issues, in which she avers that the trial court erred in its application of the UCCJEA, are inextricably related. First, she contends that Section 5423, which, *inter alia*, prohibits Pennsylvania from modifying a custody determination made by another state unless that state relinquishes jurisdiction, does not govern her Complaint for Custody in Pennsylvania. Mother argues that she seeks an initial custody determination under Section 5421, which provides jurisdictional requirements for commencing custody proceedings in Pennsylvania, rather than a modification under Section 5423. *See* Mother's Br. at 12; 23 Pa.C.S. § 5421. Second, she contends that because her Complaint satisfies the jurisdictional requirements of Section 5421, Pennsylvania may exercise exclusive, continuing jurisdiction under Section 5422.[2] *Id*.

_____

[1] In 2004, the Pennsylvania General Assembly adopted the UCCJEA and the accompanying comments. *S.K.C. v. J.L.C.*, 94 A.3d 402, 409 n.8 (Pa. Super. 2014).

[2] This argument contradicts Mother's own Complaint for Custody, which requested that the court "honor the current custody order in Alaska" while granting "additional requests for modification of the current order." Complaint for Custody, at ¶ 12.

Mother's argument that Section 5421 governs her Custody Complaint is unavailing, and her intention as to the nature of her Complaint is irrelevant. Section 5421 controls "the original child custody proceeding." 23 Pa.C.S. § 5421 cmt. Section 5421 provides, in relevant part, that "a court of this Commonwealth has jurisdiction to make an **initial** child custody determination only if . . . a court of another state does not have jurisdiction[.]" 23 Pa.C.S. § 5421(a)(2) (emphasis added).

First, Mother's Complaint does not seek an **initial** custody determination. Rather, the initial custody determination occurred when the Alaska Court issued the 2017 Final Custody Order. Second, as Mother concedes in her Brief, Alaska retains jurisdiction pursuant to the August 8, 2018 Order, which found that Alaska continues to have exclusive jurisdiction regarding the custody of Children. Mother's Br. at 7, 10; Order Denying Change of Jurisdiction, 8/8/2018. Accordingly, Section 5421 does not govern Mother's Complaint for Custody filed in Pennsylvania.

Instead, Mother necessarily seeks a modification of custody, and the requirements of Section 5423 govern Mother's complaint. This Court has held that Section 5423 controls Pennsylvania courts' capacity to assert jurisdiction over a custody determination when another state previously has exercised jurisdiction. *See **B.L. v. T.B.***, 152 A.3d at 1017, (holding that Section 5423 required Pennsylvania to enforce an initial custody determination previously made in Texas pursuant to the UCCJEA); ***V.C. v. L.P.***, 179 A.3d 95, 98 (Pa. Super. 2018) (finding that "the requirements of Section 5423 needed to be

satisfied" for a Pennsylvania court "to attain jurisdiction to modify the New York court's child custody order").

Section 5423 prohibits a modification state, here Pennsylvania, from determining that an original decree state, here Alaska, has lost its jurisdiction.[3] *See* 23 Pa.C.S. § 5423; *B.L.*, 152 A.3d at 1018; *V.C.*, 179 A.3d at 98. The one exception created by Section 5423(2) allows the modification state to alter a custody order if it finds that "the child, the child's parents, and any person acting as a parent do not presently reside in the other State." 23 Pa.C.S. § 5423(2), cmt. *See, e.g.*, *T.A.M. v. S.L.M.*, 104 A.3d 30, 34 (Pa. Super. 2014) (holding Pennsylvania had jurisdiction to modify a Tennessee

---

[3] In its entirety, Section 5423 provides:

**§ 5423. Jurisdiction to modify determination**

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2) (relating to initial child custody jurisdiction) and:

    (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

    (2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S. § 5423.

custody order where the child had been living in Pennsylvania for three years and no parent or person acting as a parent continued to reside in Tennessee).

Here, Mother concedes that Father remains in Alaska. Mother's Br. at 11. As discussed above, Mother admits that Alaska has previously held, and currently holds, jurisdiction. *Id.* at 7, 10. Alaska originally exercised custody jurisdiction over Children, and since has found that it holds exclusive, continuing jurisdiction over Children's custody determination. Order Denying Change of Jurisdiction, 8/8/2018. As such, pursuant to Section 5423, a court of this Commonwealth may not modify the Alaska court's child custody orders and Mother's first two issues are devoid of merit.

In her third issue, Mother avers that, pursuant to *Billhime*, Children's significant connection to Pennsylvania justifies a change in jurisdiction from Alaska. Mother's Br. at 13-15. Mother's reliance on *Billhime* is misplaced.

In *Billhime*, a Pennsylvania court made an initial custody determination and subsequently denied the mother's motion to relinquish jurisdiction to Florida, the state to which mother and the children had relocated. *Billhime*, 952 A.2d at 1175. On appeal, this Court reversed and found that the trial court abused its discretion by holding Pennsylvania retained jurisdiction under Section 5422. That section provides, in relevant part, that when a Pennsylvania court "has made a child custody determination consistent with section 5421," that court retains exclusive, continuing jurisdiction until "a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant

connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth." 23 Pa.C.S. § 5422(a). This Court found that the trial court abused its discretion when it denied a mother's motion to relinquish jurisdiction because there was no evidence of a significant connection to Pennsylvania. *Id.* at 1176.

*Billihime* does not inform the issues presently before the Court because here, Alaska made the initial custody determination, not Pennsylvania. Thus, Section 5422 does not apply and Mother's third issue lacks merit.

Finally, we address Father's request for counsel fees and expenses pursuant to Pa.R.A.P. 2744. Father's Br. at 25. Father argues that Mother has demonstrated a flagrant disregard for the Pennsylvania Rules of Appellate Procedure and had no jurisdictional basis for filing her Complaint for Custody and Petition for Special Relief in Pennsylvania. *Id.* We agree and find this appeal to be frivolous.

Mother attempts to inject confusion into the distinction between initial child custody determinations governed by Section 5421 and modifications to child custody determinations governed by Section 5423. Mother's argument defies the substance and very titles of these sections and ignores established case law on the distinction, law that she fails to note entirely.[4] For this reason, we conclude that the appeal is "dilatory, obdurate, [and] vexatious" to a

---

[4] Appellant's brief cites *Billhime* alone.

degree warranting sanctions.  ***See*** Pa.R.A.P. 2744.  Accordingly, we grant Father's request and remand to the trial court to calculate the amount of Rule 2744 damages, including counsel fees, that Father incurred due to Mother's frivolous appeal.

In sum, pursuant to Section 5423 of the UCCJEA, Alaska retains jurisdiction over Children's custody matter and the trial court properly denied Mother's Petition for Special Relief.  We find Mother's appeal to be frivolous and grant Father's request for counsel fees and costs pursuant to Rule 2744.

Order affirmed.  Father's request for counsel fees and costs granted. Case remanded for calculation of amount of damages due under Pa.R.A.P. 2744.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/3/2019