J-A31021-17

2018 PA Super 21

| V.C. | : | IN THE SUPERIOR COURT OF |
|------|---|---------------------------|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.P., | : | |
| | : | |
| Appellant | : | No. 2012 EDA 2017 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.D. | : | |

Appeal from the Order Entered June 14, 2017
In the Court of Common Pleas of Northampton County
Domestic Relations at No(s):  C0048CV2017-866


BEFORE:   PANELLA and OLSON, JJ., and STEVENS,* P.J.E.

OPINION BY OLSON, J.:                    **FILED FEBRUARY 02, 2018**

L.P. ("Maternal Grandmother") appeals from the June 14, 2017 order

finding her in contempt of court and imposing sanctions.  In this case, we

consider whether the trial court possessed jurisdiction under the Uniform Child

Custody and Jurisdiction Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. § 5401 *et*

*seq*.[1]  As we hold that the trial court lacked subject matter jurisdiction in this

case, we reverse the June 14, 2017 order and remand with instructions.

_____

[1] This Court has explained that the UCCJEA

> was promulgated by the National Conference of Commissioners on
> Uniform State Laws in 1997 and became effective in Pennsylvania
> in 2004. The UCCJEA replaced the Uniform Child Custody

* Retired Justice specially assigned to the Superior Court

The factual background and procedural history of this case are as follows. A.D. ("Child") was born out of wedlock to D.D. ("Father") and V.C. ("Mother"). On April 5, 2010, Maternal Grandmother filed a petition in Queens County, New York seeking custody of Child. *See L.C.P. v. D.D.*, V-06866-10 (N.Y. Fam. Ct.). On February 15, 2012, the New York court issued a final custody order. The New York court also issued orders on September 20, 2012 and January 14, 2016.

On February 3, 2017, Mother instituted the instant proceedings requesting that the Court of Common Pleas of Northampton County modify the New York court's custody order. At the time, Mother was a resident of New York, Father was a resident of Hawaii, and Maternal Grandmother and Child were residents of Pennsylvania. After the complaint was filed, the New

---

Jurisdiction Act ("UCCJA") as a way to rectify inconsistent case law and revise custody jurisdiction in light of federal enactments. One of the main purposes of the UCCJEA was to clarify the exclusive, continuing jurisdiction for the state that entered the child custody decree.

In 2013, the Uniform Law Commission (successor to the National Conference of Commissioners on Uniform State Laws) proposed amendments to the UCCJEA that would comply with the Hague Convention on Jurisdiction, Applicable Law, Recognition, Enforcement and Cooperation in Respect of Parental Responsibility and Measures for the Protection of Children. However, the Uniform Law Commission has yet to present those amendments to the states because [Congress] has yet to [pass implementing legislation].

*S.K.C. v. J.L.C.*, 94 A.3d 402, 406 n.4 (Pa. Super. 2014) (internal citations omitted).

York court informed the trial court that it retained exclusive, continuing jurisdiction over the parties' custody dispute and requested a conference pursuant to 23 Pa.C.S.A. § 5410 and N.Y. Dom. Rel. Law § 75-i. The trial court declined the offer to participate in a conference.

On April 10, 2017, the trial court purported to issue an interim custody order. Maternal Grandmother moved to dismiss Mother's custody complaint for lack of subject matter jurisdiction. On May 19, 2017, the trial court denied Maternal Grandmother's dismissal motion. On June 14, 2017, the trial court found Maternal Grandmother in contempt of the April 10, 2017 order and imposed a $5,000.00 sanction. Maternal Grandmother filed a timely notice of appeal and this Court quashed all portions of the appeal other than the challenge to the trial court's contempt order.[2]

Maternal Grandmother presents one issue for our review:

> Did the [trial c]ourt [err] by finding that [it has] subject matter jurisdiction pursuant to 23 Pa.C.S.A. § 5423 and therefore has the capacity to make a finding of contempt in the instant matter[?]

Maternal Grandmother's Brief at 5.

Maternal Grandmother's lone issue requires us to interpret the UCCJEA. As such, we are guided by the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq*. **See Rancosky v. Washington Nat'l Ins. Co.**, 170 A.3d 364, 371 (Pa. 2017). "[O]ur paramount interpretative task is to give effect to the intent

---

[2] "While an order granting [] interim custody is interlocutory, it is beyond cavil that a finding of contempt is final and appealable when a sanction is imposed." **J.M. v. K.W.**, 164 A.3d 1260, 1264 (Pa. Super. 2017) (citation omitted).

of our General Assembly in enacting the" UCCJEA. ***Commonwealth v. Grove***, 170 A.3d 1127, 1141 (Pa. Super. 2017) (citation omitted). "Generally, a statute's plain language provides the best indication of legislative intent. . . . Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning." ***Commonwealth v. Wise***, 171 A.3d 784, 788 (Pa. Super. 2017) (internal citations omitted). "In reading the plain language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" ***Gross v. Nova Chemicals Servs., Inc.***, 161 A.3d 257, 264 (Pa. Super. 2017) (internal alteration, quotation marks, and citation omitted). "When interpreting a statute, official comments may be consulted in the construction of the original provisions of the statute if the comment was published or generally available prior to the consideration of the statute by the legislature." ***S.K.C. v. J.L.C.***, 94 A.3d 402, 406 (Pa. Super. 2014) (internal alteration, quotation mark, and citations omitted). "Statutes uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them." ***In re Tr. Under Deed of Kulig***, 131 A.3d 494, 497 (Pa. Super. 2015), *rev'd on other grounds*, 2017 WL 6459001 (Pa. Dec. 19, 2017), *quoting* 1 Pa.C.S.A. § 1927.

The UCCJEA provides, in relevant part, that:

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth

may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421(a)(1) or (2) (relating to initial child custody jurisdiction) and:

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

(2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S.A. § 5423. In this case, no party attempted to invoke temporary emergency jurisdiction and the trial court did not exercise jurisdiction under section 5424. Therefore, in order for the trial court to attain jurisdiction to modify the New York court's child custody order, the requirements of section 5423 needed to be satisfied. In this case, there is no dispute that, absent a custody order from another jurisdiction, the trial court would have had jurisdiction to enter an initial custody determination under 23 Pa.C.S.A. § 5421(a)(1). There is also no dispute that Mother is still a resident of the New York State. Hence, the trial court could not exercise jurisdiction under section 5423(2).

Mother and the trial court argue that the trial court possessed subject matter jurisdiction under section 5423(1). They argue that, under that section, a court of this Commonwealth may find that Pennsylvania is a more convenient forum than New York. This argument ignores the plain language

of the UCCJEA, the comments to UCCJEA § 203,[3] and persuasive case law from other jurisdictions interpreting UCCJEA § 203.

The plain language of section 5423(1) mandates that the court of the other state must determine that it lacks exclusive, continuing jurisdiction or that a court of this Commonwealth is a more convenient forum. This is obvious from the structure of sections 5423(1) and 5423(2). Section 5423(1) lists only the court of the other state and declares that that body is required to make the necessary finding(s) under that section. On the other hand, section 5423(2) lists both the court of the other state and a court of this Commonwealth and further provides that either court can make the requisite finding under that section.[4] The *expressio unius est exclusion alterius* and surplusage canons of statutory construction, therefore, indicate that section 5423(1) limits such determinations to courts of the other state.

The comments to the UCCJEA also make clear that Mother's and the trial court's interpretation of the UCCJEA is incorrect and that Maternal Grandmother's interpretation is correct. The comments provide that, "The modification State [in this case, Pennsylvania] is not authorized to determine that the original decree State [in this case, New York] has lost its jurisdiction. The only exception is when the child, the child's parents, and any person

---

[3] 23 Pa.C.S.A. § 5423 is Pennsylvania's codification of UCCJEA § 203.

[4] In **A.L.-S. v. B.S.**, 117 A.3d 352 (Pa. Super. 2015), this Court addressed a case under section 5423(2) – not section 5423(1). Thus, Mother's reliance on **A.L.-S.** is misplaced.

acting as a parent do not presently reside in the other State." UCCJEA § 203 cmt. In other words, under UCCJEA § 203, a court in the state that originally issued the child custody order must determine that it no longer has exclusive, continuing jurisdiction or that the courts of a different state are a more convenient forum.

This reading of section 5423(1) is consistent with the decisions of every other state appellate court to have considered the issue.[5] *Grega v. Grega*, 524 S.W.3d 150, 154–155 (Mo. App. 2017); *Ball v. McGowan*, 497 S.W.3d 245, 252 (Ky. App. 2016); *Kelso v. Decker*, 262 S.W.3d 307, 312 (Tenn. App. 2008); *In re Kaela C.*, 906 A.2d 915, 932 (Md. 2006); *Stocker v. Sheehan*, 786 N.Y.S.2d 126, 129 (N.Y. App. Div. 2004) (this interpretation of UCCJEA § 203 "could not be clearer"). Hence, the trial court in this case could not unilaterally determine that Pennsylvania was a more convenient forum under section 5423(1).

As noted above, in this case the New York court explicitly declined to find that it lacked exclusive, continuing jurisdiction over the parties' child custody dispute or that Pennsylvania would be a more convenient forum. Moreover, as Mother still lives in New York, the trial court could not exercise

---

[5] We are troubled by the failure of Maternal Grandmother's counsel to research the comments to the UCCJEA and how the relevant provision of the UCCJEA has been interpreted in other states. Although not binding, the Statutory Construction Act and Pennsylvania case law interpreting the UCCJEA make clear that such commentary and decisions are highly persuasive. Accordingly, costs shall not be taxed in favor of Maternal Grandmother. *See* Pa.R.A.P. 2741(4).

jurisdiction under section 5423(2). Accordingly, the trial court lacked subject matter jurisdiction under section 5423. As the trial court also could not exercise jurisdiction under section 5424, it lacked subject matter jurisdiction to modify the New York court's child custody order.[6]

Having determined that the trial court lacked subject matter jurisdiction over this custody dispute, we turn now to the propriety of the trial court's contempt order. A court lacks authority to find an individual in contempt of an order it did not have jurisdiction to issue. **Rosen v. Rosen**, 510 A.2d 732, 734 (Pa. Super. 1986), *rev'd on other grounds*, 549 A.2d 561 (Pa. 1988) (citation omitted). As the trial court lacked subject matter jurisdiction over this case, it lacked the authority to find Maternal Grandmother in contempt. Accordingly, we reverse the finding of contempt and remand for further proceedings consistent with this opinion.

In sum, we hold that in order to possess jurisdiction under section 5423(1) of the UCCJEA the court which issued the child custody order must determine that it no longer has exclusive, continuing jurisdiction or that Pennsylvania would be a more convenient forum. A court of common pleas in this Commonwealth does not possess jurisdiction if it alone determines that the foreign court lacks exclusive, continuing jurisdiction and/or that

---

[6] Mother and the trial court argue that Maternal Grandmother consented to jurisdiction in Pennsylvania. **See** Mother's Brief at 16; Trial Court Opinion, 6/30/17, at 7. As this Court has explained, however, a party cannot confer subject matter jurisdiction via consent. **See S.K.C.**, 94 A.3d at 409.

Pennsylvania would be a more convenient forum. In this case, the court which issued the child custody order (*i.e.*, the New York court) did not make the requisite finding(s) under section 5423(1). As such, the trial court lacked jurisdiction to modify the New York court's child custody order. As the trial court lacked jurisdiction to modify the child custody order, it similarly lacked authority to find Maternal Grandmother in contempt for violating that order. We therefore reverse the contempt order and remand with instructions for the trial court to vacate all of its orders in the present case. We further direct the trial court to cooperate fully with the New York court in its exercise of jurisdiction over the parties' child custody dispute.

Order reversed. Case remanded. Costs not taxed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18