J-A24039-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

R.L.D.                                    :    IN THE SUPERIOR COURT OF
                                          :         PENNSYLVANIA
                    Appellant             :
                                          :
                                          :
            v.                            :
                                          :
                                          :
S.G.                                      :    No. 496 WDA 2020

Appeal from the Order Entered April 6, 2020
In the Court of Common Pleas of Blair County Civil Division at No(s):
2019 GN 2641

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED NOVEMBER 30, 2020

R.L.D. ("Father") appeals from the Order granting the Preliminary Objections filed by S.G. ("Mother"), denying Father's Petition to confirm/transfer jurisdiction, and dismissing Father's Complaint for custody of the parties' daughter, S.D. ("Child"), born in June 2005.  We affirm.

Father and Mother are former spouses, who separated in 2006 and divorced in 2011.  N.T., 3/12/20, at 10.  During the marriage, the parties resided together with Child in Tennessee.  Id. at 9.  Following the divorce, Mother remained in Tennessee, and Father moved to Pennsylvania.  Id. at 9-11, 17-18.  As part of the divorce proceedings, a court in Tennessee entered an Order awarding Mother primary physical custody of Child, and awarding Father partial physical custody.  Id. at 6-10, 18.  Although the details are not entirely clear from the record, it appears that Child attended school in Tennessee and spent summers in Pennsylvania, until the 2017-2018 school

year. Id. at 11-13, 18-19. At that time, the parties agreed that Father would have primary physical custody of Child in Pennsylvania. Id. Child spent the end of the 2017-2018 school year with Father, returned to Mother for the summer of 2018, and then spent the entire 2018-2019 school year with Father. Id. Child returned to Mother once again in May 2019. Id. at 13, 20.

This appeal arises from Mother's failure to return Child to Father for the 2019-2020 school year. On August 27, 2019, Father filed a custody Complaint in Pennsylvania. According to Father, the parties had agreed that Child would return to his custody before the start of the school year, but Mother violated their agreement and enrolled Child in school in Tennessee. Father requested that the trial court award him primary physical custody. That same day, Father filed a Petition for emergency special relief, requesting that the court order Mother to return Child within 48 hours. The trial court entered an Order directing Mother to file an answer. In addition, the trial court directed Father to file a petition to confirm/transfer jurisdiction, addressing whether Pennsylvania or Tennessee possessed jurisdiction to hear the dispute.

Father filed a Petition to confirm/transfer jurisdiction on September 18, 2019, arguing that Pennsylvania possessed jurisdiction because Child had resided there for more than six months before returning to Tennessee.

Mother filed an Answer and New Matter on October 15, 2019. Mother contended that Tennessee possessed jurisdiction because the Tennessee court entered its custody Order in 2011, and never relinquished jurisdiction. Mother

also filed Preliminary Objections, repeating her contention that Tennessee possessed jurisdiction, and requesting that the trial court dismiss Father's Complaint.

The trial court held a hearing to address its jurisdiction on March 12, 2020. Father appeared at the hearing represented by counsel, and Mother participated, pro se, via telephone. Following the hearing, on April 6, 2020, the court entered an Order concluding that Tennessee, rather than Pennsylvania, possessed jurisdiction. The court based its decision primarily on Section 5423 of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"),[1] 23 Pa.C.S.A. § 5423. The court reasoned that the entry of the prior custody Order in Tennessee meant that state would retain jurisdiction unless the conditions of Section 5423 were met. Because the court found those conditions had not been satisfied, it concluded that Pennsylvania lacked jurisdiction, and therefore, it could not modify the Tennessee Order. The trial court also considered the convenience of the respective forums under Section 5427 of the UCCJEA, 23 Pa.C.S.A. § 5427, and concluded that Tennessee would be the more convenient forum. Thus, the court granted Mother's Preliminary Objections, denied Father's Petition to confirm/transfer jurisdiction, and dismissed Father's custody Complaint.

_____

[1] See 23 Pa.C.S.A. §§ 5401-5482.

Father timely filed a Notice of Appeal, along with a Concise Statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i).

Father now raises the following claims for our review:

[1.] Whether the trial court erred in ruling that Blair County[, Pennsylvania] does not have jurisdiction to hear this [C]omplaint[?]

[2.] Whether the trial court erred by finding that Tennessee would be the proper venue, and/or proper jurisdiction, to hear this [C]omplaint[?]

Father's Brief at 5.

We observe the following standard of review:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. In ruling on whether preliminary objections should have been granted, an appellate court must determine whether it is clear from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief. Our standard of review for questions involving jurisdiction is as follows:

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

R.M. v. J.S., 20 A.3d 496, 500 (Pa. Super. 2011) (citations and quotation marks omitted).

- 4 -

Regarding his first claim, we initially observe that it is not entirely clear what arguments Father wishes to make. In his Statement of Questions Involved, Father appears to challenge the trial court's finding that Pennsylvania was without jurisdiction pursuant to the UCCJEA. Father initially attempts to develop this issue in the Argument section of his brief, emphasizing that Child resided with him in Pennsylvania, with Mother's consent, for more than six months before he filed his custody Complaint. See Father's Brief at 13-14. However, Father then appears to concede that the court's finding was correct. Id. at 15-16 (wherein Father states that "[t]he [trial c]ourt found that Tennessee has exclusive continuing jurisdiction ... as the [M]other still resides in Tennessee, and [Child] has significant connection to Tennessee. Father does not dispute this finding[.]") (citation omitted).[2] Therefore, we could deem Father's first issue waived on that basis.[3] See In re M.Z.T.M.W., 163 A.3d 462, 465-66 (Pa. Super. 2017) (explaining that the appellant waived her claim by conceding that it was without merit in her brief).

Nevertheless, we conclude that Father's first claim is without merit. Section 5423 of the UCCJEA provides that a Pennsylvania trial court has

_____

[2] To the extent that Father "vehemently disagrees" with the trial court's finding that Tennessee would be a more convenient forum, we will address his contention with his second claim. See Father's Brief at 15-18.

[3] We further note that Father fails to adequately support his argument with citation to and discussion of relevant case law. See Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent.").

jurisdiction to modify a child custody order entered in a different state under only limited circumstances. The statute provides as follows:

> Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2) (relating to initial child custody jurisdiction) and:
>
> > (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or
> >
> > (2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S.A. § 5423.

Regarding Section 5423's requirement that a trial court must possess jurisdiction to make an initial child custody determination, Section 5421(a)(1) and (2) provide as follows:

> (a) General rule.--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:
>
> > (1) this Commonwealth is the home state[4] of the child on the date of the commencement of the

_____

[4] The UCCJEA defines a child's "home state," in relevant part, as "[t]he state in which a child lived with a parent … for at least six consecutive months immediately before the commencement of a child custody proceeding…. A period of temporary absence of any of the mentioned persons is part of the period." 23 Pa.C.S.A. § 5402.

proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth; [or]

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

> (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

> (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships[.]

23 Pa.C.S.A. § 5421(a)(1)-(2) (footnote added).

Here, it is undisputed that Child resided in Pennsylvania for more than six consecutive months, and that Father filed his custody Complaint less than six months after Child returned to Tennessee. Therefore, the record would

support a finding that Pennsylvania was Child's "home state,"[5] and that the trial court had jurisdiction to render an initial child custody determination pursuant to Section 5421(a)(1). See 23 Pa.C.S.A. § 5421(a)(1); R.M. v. J.S., 20 A.3d at 502-04 (interpreting Sections 5402 (Definitions) and 5421(a)(1), and concluding that "it was the intent of the General Assembly that there be a six[-]month window for a state to establish home state jurisdiction in circumstances where a child is no longer in Pennsylvania at the time the custody action commences.").

However, the parties were subject to a prior custody Order in Tennessee, and, pursuant to Section 5423, the trial court could modify that order only if it possessed jurisdiction to render an initial child custody determination, and the requirements of either Section 5423(1) or (2) were met. It is clear that those requirements were not satisfied in this case, because there was no indication that a court in Tennessee made the necessary

_____

[5] In its Opinion, the trial court expresses uncertainty as to whether Pennsylvania is Child's home state, reasoning that Child's time in Pennsylvania may have been a "temporary absence" pursuant to Section 5402. Trial Court Opinion, 4/6/20, at 6. We also observe that the court could have construed Child's time in Tennessee during the summer of 2019 as a temporary absence from Pennsylvania, given the testimony of both parties that Father believed that Child would be returning to his custody for the 2019-2020 school year, and that Mother did not tell Father that Child would be staying in Tennessee. See N.T., 3/12/20, at 14-16, 20-22. Regardless, even accepting that Pennsylvania is Child's home state, Father's claim would be without merit, as discussed below.

findings pursuant to Section 5423(1),[6] and because both Mother and Child were residing in Tennessee, in contravention of Section 5423(2). Thus, the trial court correctly determined that it lacked jurisdiction to hear the parties' custody dispute, as jurisdiction remained in Tennessee.[7] See V.C. v. L.P., 179 A.3d 95, 99 (Pa. Super. 2018) (concluding that Pennsylvania lacked jurisdiction to modify a prior custody order entered in New York, where a New York court declined to find that it lacked jurisdiction or was an inconvenient forum, and where the child's mother continued to reside in New York).

In his second claim, Father contends that the trial court should have exercised jurisdiction over this case because Tennessee is an inconvenient forum. See Father's Brief at 18-23. Father addresses each of the inconvenient forum factors listed at Section 5427(b). Id. at 20-22. Father

_____

[6] To the contrary, the trial court explains in its Opinion that it held a telephone conference with the court in Tennessee, which indicated that it still possessed jurisdiction, and that Tennessee was not an inconvenient forum. Trial Court Opinion, 4/6/20, at 9; see also Court Exhibit "A" (Conference Memorandum).

[7] In connection with this issue, Father suggests that the trial court should have assumed temporary emergency jurisdiction, because Mother was withholding Child from him in violation of the parties' agreement. Father's Brief at 14, 17-18. The UCCJEA provides that a trial court may assume temporary emergency jurisdiction "if the child is present in this Commonwealth and … has been abandoned or it is necessary in an emergency to protect the child" from "mistreatment or abuse." 23 Pa.C.S.A. § 5424(a). In this case, Child was in Tennessee, not Pennsylvania, when Father filed his Petition for emergency special relief, and Father did not allege that Child was abandoned or at risk of mistreatment or abuse. The trial court therefore had no basis upon which to assume temporary emergency jurisdiction.

also suggests that the trial court should have considered Mother's "unjustifiable conduct" in its decision pursuant to 23 Pa.C.S.A. § 5428. Id. at 22-23. Specifically, Father maintains that Mother acted unjustifiably by not telling him that she intended to keep Child with her in Tennessee. Id.[8]

Regarding inconvenient forums, the UCCJEA provides, in relevant part, as follows:

> (a) General rule.--A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion or request of another court.
>
> (b) Factors.--Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> > (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
> >
> > (2) the length of time the child has resided outside this Commonwealth;
> >
> > (3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;
> >
> > (4) the relative financial circumstances of the parties;

---

[8] Again, Father has failed to support his claim with citation to and discussion of relevant case law. See Pa.R.A.P. 2119(a).

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427(a)-(b).

Further, Section 5428 the UCCJEA provides, in relevant part, as follows:

(a) General rule.--Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction) or by other laws of this Commonwealth, if a court of this Commonwealth has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless:

(1) the parents and all persons acting as parents have acquiesced in the exercise of jurisdiction;

(2) a court of the state otherwise having jurisdiction under sections 5421 (relating to initial child custody jurisdiction) through 5423 (relating to jurisdiction to modify determination) determines that this Commonwealth is a more appropriate forum under section 5427 (relating to inconvenient forum); or

(3) no court of any other state would have jurisdiction under the criteria specified in sections 5421 through 5423.

23 Pa.C.S.A. § 5428(a).

Initially, Father misinterprets Section 5427, which empowers a Pennsylvania trial court with the authority to decline to exercise jurisdiction if

it finds that Pennsylvania is an inconvenient forum, and that another state would be a more appropriate forum. Section 5427 does not empower a Pennsylvania trial court lacking jurisdiction to take jurisdiction away from another state by concluding that jurisdiction in the other state would be inconvenient. Thus, Section 5427 is inapplicable to the facts of this case. See B.J.D. v. D.L.C., 19 A.3d 1081, 1082-84 (Pa. Super. 2011) (explaining that a Pennsylvania trial court lacked jurisdiction to enter an order pursuant to Section 5427, because Pennsylvania no longer had exclusive, continuing jurisdiction pursuant to the UCCJEA).

Regarding Father's reference to Section 5428 and Mother's "unjustifiable conduct," that provision is also inapplicable. Section 5428 instructs that a Pennsylvania trial court with jurisdiction should generally decline to exercise that jurisdiction if such jurisdiction was obtained due to the unjustifiable conduct of the party requesting that the court take action. See 23 Pa.C.S.A. § 5428(a). Thus, Section 5428 does not empower a Pennsylvania trial court, lacking jurisdiction, to take jurisdiction away from another state. Further, it would only apply in this case if Father, rather than Mother, had acted unjustifiably.

Moreover, the trial court considered this claim, and concluded that the parties did not agree to jurisdiction in Pennsylvania. Trial Court Opinion, 4/6/20, at 8. The court emphasized that Child lived in Tennessee for most of her life, including the time when Father filed the Complaint. Id. The trial

court stated that "[t]he majority of relevant evidence is likely in Tennessee[,]" including witnesses. Id. Additionally, the court concluded that the Tennessee court "is in a better position to rule on custody in determining what is in the best interest of [Child]...." Id. Accordingly, Father's second claim is without merit.

We therefore affirm the court's April 6, 2020, Order granting Mother's Preliminary Objections, denying Father's Petition to confirm/transfer jurisdiction, and dismissing Father's custody Complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2020