J-A06021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUTH LYNN MCQUINN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER RIGGLEMAN AND JOSHUA | : | No. 1104 WDA 2022 |
| DIVELBLISS | : | |

Appeal from the Order Entered September 12, 2022
In the Court of Common Pleas of Bedford County
Civil Division at No(s): 507 for the year 2022

BEFORE: OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 15, 2023**

Appellant Ruth Lynn McQuinn (Maternal Grandmother) appeals from the

order dismissing the custody complaint regarding her minor grandchild J.D.

(Child) for lack of jurisdiction. We affirm.

The trial court set forth the underlying procedural history of this matter

as follows:

> [Appellant] is the maternal grandmother of [Child]. Jennifer
> Riggleman [(Mother)] is the natural mother of [Child]. Joshua
> Divelbliss [(Father)] is the natural father of the child. [Child] was
> born on May 30, 2014. West Virginia was the home state for the
> parties and [Child] upon the commencement of the custody
> litigation between the parents. [Child] is the subject of a custody
> order dated February 9, 2021, in Mineral County, West Virginia,
> [(the West Virginia court)] at Docket Number 14-D-306. This
> West Virginia custody order grants Mother primary physical

_____

[*] Retired Senior Judge assigned to the Superior Court.

custody and further provides for various periods of partial custody for Father.

At some point, Father became incarcerated at the Potomac Highlands Regional Jail in West Virginia. Father apparently wished [Maternal Grandmother], who also resides in West Virginia, to exercise his periods of custody in his place while he was incarcerated. By order filed August 15, 2022, the Honorable Deanna Rock of the Family Court of Mineral County, West Virginia, stayed Father's periods of custody until April 1, 2023, to resume upon his expected release from incarceration. Notably, this order specifically retained jurisdiction over [Child] and did not relinquish jurisdiction unless it falls under the Uniform Child Custody Jurisdiction and Enforcement Act [23 Pa.C.S. §§ 5401, *et seq.*] (hereinafter referred to as UCCJEA).

On July 7, 2022, [Maternal Grandmother] filed a custody complaint in Bedford County, Pennsylvania. [The trial court] held a custody conference on August 22, 2022, whereupon Mother objected to [Maternal Grandmother's] custody complaint on the basis of jurisdiction. Following the custody conference, [the trial court] scheduled a telephone conference with the Honorable Deanna Rock, of the Family Court of Mineral County, West Virginia, pursuant to 23 Pa.C.S.[] § 5410. The telephone conference was held on August 29, 2022 and was on the record. Following the judicial telephone conference, [the trial court] afforded [Maternal Grandmother] ten (10) days to file a request for the transcript, supplement the record, or file a memorandum of law. [Maternal Grandmother] filed an untimely memorandum of law on September 12, 2022. [In addition to] being untimely, the memorandum of law failed to cite to any relevant legal authority to support her position.

Trial Ct. Op., 10/18/22, at 1-3 (formatting altered and footnotes omitted).

On September 12, 2022, the trial court issued an order dismissing Maternal Grandmother's custody complaint based on lack of jurisdiction. Maternal Grandmother filed a timely notice of appeal and complied with Pa.R.A.P. 1925(a)(2)(i). The trial court issued a Rule 1925(a) opinion addressing Maternal Grandmother's claim.

- 2 -

On appeal, Maternal Grandmother raises a single issue for review: "Did the [trial] court err by dismissing the custody action filed by [Maternal Grandmother] due to improper jurisdiction?" Maternal Grandmother's Brief at 4.

The crux of Maternal Grandmother's claim is that the Bedford County Court of Common Pleas should exercise jurisdiction over the instant custody action. *Id.* at 13. In support, Maternal Grandmother argues that although she and Father reside in West Virginia, Child resides in Pennsylvania, attends school in Pennsylvania, and that "evidence as to [Child's] care, education, and relationship[s] would all come from Pennsylvania." *Id.* at 16-17. Further, although Maternal Grandmother acknowledges that the West Virginia court retains jurisdiction over the instant custody matter under the UCCJEA, she asserts it should have relinquished jurisdiction to the Bedford County Court of Common Pleas. *Id.* 15-16.

We begin with our well-settled standard of review:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*J.K. v. W.L.K.*, 102 A.3d 511, 513 (Pa. Super. 2014) (citation omitted).

This Court has explained:

> The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigating custody decisions of other states, and facilitate the enforcement of custody orders of other states. One of the main purposes of the UCCJEA was to clarify the exclusive, **continuing jurisdiction for the state that entered the child custody decree.** The UCCJEA is designed to eliminate a rush to the courthouse to determine jurisdiction.

*T.D. v. M.H.*, 219 A.3d 1190, 1194 (Pa. Super. 2019) (citations and quotation marks omitted, emphasis added); *see also* 23 Pa.C.S. § 5422, cmt. (stating that where there is an existing custody order from a court in another state, "[t]he continuing jurisdiction of the original decree state is exclusive").

Section 5423 of the UCCJEA provides:

**§ 5423. Jurisdiction to modify determination**

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2) (relating to initial child custody jurisdiction) and:

> (1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

> (2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S. § 5423; *see also V.C. v. L.P.*, 179 A.3d 95, 98 (Pa. Super. 2018) (reiterating that Pennsylvania courts do not have jurisdiction over a custody

matter where there is an existing custody order from another state and explaining that the plain language of Section 5423(1) "mandates that the court of the other state must determine that it lacks exclusive, continuing jurisdiction or that a court of this Commonwealth is a more convenient forum").

Here, as noted previously, the trial court held a telephone conference with the West Virginia court regarding the status of Child's custody proceedings. At that time, the West Virginia court indicated that it would retain jurisdiction until either a motion is filed in the West Virginia court to transfer jurisdiction of the case to Bedford County or until the West Virginia court began "to glean evidence that the connections with West Virginia are diminishing and they're strengthening in Pennsylvania." N.T. Phone Conf., 8/29/22, at 6-7.

In its Rule 1925(a) opinion, the trial court explained:

In the instant matter, [the] West Virginia [court] made the initial custody determination and entered the initial child custody decree. Neither party contests this fact. [Maternal Grandmother] filed her Bedford County custody complaint on July 7, 2022. At all times relevant herein, Father is a resident of West Virginia, [Maternal Grandmother] is a resident of West Virginia, and Mother and [Child] reside in Bedford County, Pennsylvania, and have done so for several years. The question before us was whether [the trial court] has jurisdiction to entertain a custody petition when there exists an active custody case in West Virginia and the West Virginia court has not relinquished jurisdiction. Pursuant to 23 Pa.C.S.[] § 5422 and as it is relevant to the instant case, [the] West Virginia [court] retains exclusive, continuing jurisdiction until the West Virginia [court] determines that neither [Child], nor [Child] and one parent, nor [Child] and a person acting as a parent have a significant connection to West Virginia and that substantial

- 5 -

evidence is no longer available in West Virginia concerning [Child's] care, protection, training, and personal relationships; or a West Virginia court or a court of another jurisdiction determines that [Child, Child's] parents and any person acting as a parent do not permanently reside in West Virginia. The West Virginia court has not made a determination that it no longer has exclusive, continuing jurisdiction or that there is no longer a significant connection to West Virginia. Additionally, Father remains a West Virginia resident.

\* \* \*

While [Maternal Grandmother's] custody petition did not explicitly request to modify the West Virginia order, in essence, [Maternal Grandmother] was asking [the trial court] to do exactly that.

\* \* \*

Stated plainly, [Maternal Grandmother] must obtain an order from the original decree state (West Virginia) stating that West Virginia no longer has jurisdiction. The statute is clear that the original decree state (West Virginia) is the sole determinant of whether West Virginia continues to exercise jurisdiction.

Based upon the information gleaned from the telephone conference with the West Virginia [court], it would seem to [the trial court] that [Maternal Grandmother] was essentially forum shopping in hopes of getting a "second bite of the apple," as she had already attempted to exercise Father's periods of custody in a substitute capacity during his incarceration. Rather than allowing [Maternal Grandmother] to exercise Father's periods of custody, the West Virginia court chose to suspend Father's custody until his release from incarceration.

[Maternal Grandmother] disingenuously attempts to argue that the West Virginia court stated in an order that it no longer had subject matter jurisdiction over [C]hild. That order, dated July 2, 2019, denied a petition for guardianship filed by [Maternal Grandmother,] that was filed approximately three (3) years before the instant action when Father resided in Maryland and Mother and [C]hild resided in Pennsylvania. Actions in child custody and guardianship matters are separate and distinct. Additionally, during the telephone conference, the West Virginia [court] referenced this old filing and recollected that the circumstances of

- 6 -

the parties were vastly different, as neither parent lived in West Virginia at that time.

Trial Ct. Op. at 4-7 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court in dismissing Maternal Grandmother's custody complaint. *See J.K.*, 102 A.3d at 513. The record reflects that the West Virginia court explicitly declined to find that it lacked exclusive, continuing jurisdiction over Child's custody matter or state that Pennsylvania would be a more convenient forum. *See* 23 Pa.C.S. § 5423(1). Accordingly, the trial court did not have jurisdiction to entertain Maternal Grandmother's claim, as jurisdiction is properly before the West Virginia court. *See id.*; *see also V.C.*, 179 A.3d at 98. For these reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023