J-A29043-14

2014 PA Super 255

T.A.M., : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
S.L.M. and D.M.S., :
:
Appellees : No. 844 WDA 2014

Appeal from the Order Entered April 21, 2014
in the Court of Common Pleas of Erie County
Civil Division at No(s): 13476-2013

BEFORE: FORD ELLIOTT, P.J.E., ALLEN, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:          **FILED NOVEMBER 07, 2014**

T.A.M. (Father) appeals from the order entered by the trial court dismissing his complaint for custody after the trial court concluded that Pennsylvania lacks jurisdiction to modify a custody determination. Upon review, we vacate the order of the trial court and reinstate Father's complaint for custody.

S.L.M. (Mother) and Father are the natural parents of Child, who was born in September of 2004. Mother and Father, both of whom lived in Tennessee, were separated, and the two shared custody pursuant to an order entered in Tennessee. It is undisputed that on February 28, 2011, Mother dropped Child off at Father's residence, and Mother has not been seen since. Furthermore, it is undisputed that police are actively

* Retired Senior Judge assigned to the Superior Court.

investigating Mother's disappearance as a homicide, and Father is considered a person of interest in the case. D.M.S. (Maternal Grandmother), a resident of Erie County, Pennsylvania, initiated a custody action, shortly thereafter, in Tennessee to obtain custody of Child. After a trial, the Tennessee court granted Maternal Grandmother custody of Child, and Child was permitted to relocate to Maternal Grandmother's residence in Erie County, Pennsylvania. Child has lived there since that time.

Father was permitted to have supervised visits with Child under the supervision of his parents (Paternal Grandparents). On October 11, 2012, Maternal Grandmother filed an emergency motion to suspend Father's visitation. In that motion, Maternal Grandmother alleged that Father and Paternal Grandmother urged Child to burn down Maternal Grandmother's home and provided matches to assist Child in doing so. A hearing was conducted in Tennessee; the trial court found Child's testimony about the incident credible and suspended visitation.

On December 6, 2013, Father filed a complaint for custody of Child against Mother and Maternal Grandmother in Erie County, Pennsylvania. In the complaint, Father alleged that Pennsylvania should assume jurisdiction of this case because he has resided in Palm City, Florida since June of 2013, Maternal Grandmother and Child have resided in Pennsylvania since 2011, and Mother's whereabouts are unknown.

A custody trial was scheduled for March 10, 2014. On March 6, 2014, Maternal Grandmother filed an Amended Pre-

Trial Narrative Statement indicating a challenge to jurisdiction and attaching a Motion to Review Visitation and Child Support filed in the Tennessee Court. The Motion was scheduled for hearing on April 10, 2014 in Tennessee. On the morning of March 7, 2014, [the Erie County trial court] received from Judge Lee Russell, Circuit Judge for the Seventeenth Judicial District of Tennessee, correspondence which indicated that, along with the Motion to Review Visitation and Child support, Judge Russell received a copy of Father's Complaint for Custody filed in Pennsylvania. In his correspondence, Judge Russell explained that Father's representation to [the trial court] of the Tennessee court's "willingness to defer jurisdiction to Pennsylvania" was a misrepresentation. As a result, [the trial court] entered a March 7, 2014 Order staying the Custody Trial in order to give the Tennessee Court the opportunity to address its continuing jurisdiction at the April 10, 2014 hearing.

Subsequent to the April 10, 2014 hearing date, [the trial court] contacted the Tennessee Court and confirmed that the April 10, 2014 hearing went forward as scheduled and that no order was entered to relinquish jurisdiction of custody.

On April 21, 2014, [the trial court] issued its Order dismissing Father's Complaint for Custody. As detailed in the April 21st Order, the Tennessee Court has not relinquished jurisdiction and [the trial court] lacks jurisdiction to modify the Tennessee Court's child custody determination.

Trial Court Opinion, 6/4/2014, at 2 (footnote omitted; citations omitted).

Father timely filed a notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). On appeal, Father presents two issues for our review.

1. Did the [trial court] misapply the law in dismissing a Custody Complaint filed by [Father] in the location defined by law as the Home State of [Child] merely because the former home state judge declined to "relinquish jurisdiction?"

2. Did the [trial court] err in not recognizing Pennsylvania as the most appropriate jurisdiction to adjudicate custody of

[Child] regardless of the Home State issue and the existing Tennessee custody action?

Father's Brief at 4 (suggested answers omitted).

We are guided by the following standard of review.

A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**Wagner v. Wagner**, 887 A.2d 282, 285 (Pa. Super. 2005) (quoting **Lucas v. Lucas**, 882 A.2d 523, 527 (Pa. Super. 2005) (citation omitted)).

It is undisputed that this matter is governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S. §§ 5401-5482. Specifically, the issue of interstate jurisdiction to modify a custody determination is governed by section 5423, which provides the following.

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421 (a)(1) or (2)[1] (relating to initial child custody jurisdiction) and:

---

[1] This statute provides the following.

(a) **General Rule.--**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

(2) **a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a**

---

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

    (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

    (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

23 Pa.C.S. §5421(a)(1) and (2).

> **parent do not presently reside in the other state**.

23 Pa.C.S. § 5423 (emphasis added; footnote added).

The trial court analyzed these statutes as follows.

> [The trial court] is prohibited from modifying Tennessee's custody determination unless Pennsylvania has initial child custody jurisdiction and either (1) Tennessee determines that it no longer has exclusive, continuing jurisdiction or that Pennsylvania would be a more convenient forum; or (2) Pennsylvania determines that all parties have moved away from the initial decree state.

> Considering Judge Russell's March 6, 2014 correspondence in conjunction with his decision to proceed with the Motion to Review Visitation and Child Support filed in the Tennessee Court, it is clear beyond argument that Tennessee has not relinquished jurisdiction of the case. More specifically, the Tennessee Court has not determined either that it no longer has exclusive, continuing jurisdiction or that Pennsylvania would be a more convenient forum.

> It is further clear that [the trial court] cannot make a finding that all parties have moved away from Tennessee…. [The trial court] is incapable of entering a finding that Mother does not presently reside in Tennessee.

Trial Court Opinion, 6/4/2014, at 4.

We hold that the trial court abused its discretion in concluding that it cannot make the determination that "Mother does not presently reside in Tennessee." *Id*. As Father points out, Mother's

> missing status and, as the Tennessee court asserted, the likelihood of her demise, was the only basis for [Maternal Grandmother] to have any standing to obtain custody. [Mother] is not an actual party in either proceeding, and the prospect that she may still be alive and in Tennessee cannot be the basis to maintain that state's jurisdiction, as a parent who has been

missing for 3 years does not have "a significant connection" to that state[.]

Father's Brief at 11.

The comment to the section 5423 makes clear,

[t]he modification state is not authorized to determine that the original decree state has lost its jurisdiction. **The only exception is when the child, the child's parents, and any person acting as a parent do not presently reside in the other state.** In other words, a court of the modification state can determine that all parties have moved away from the original state.

23 Pa.C.S. § 5423 (Comment) (emphasis added).

This important exception to section 5423 is consistent with the UCCJEA's effort to prioritize a child's home state as being the preferred basis for jurisdiction. *See R.M. v. J.S.*, 20 A.3d 496 (Pa. Super. 2011). The UCCJEA defines "home state" as:

The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402.

Instantly, there is no question that Pennsylvania is Child's home state. She has been living with Maternal Grandmother in Pennsylvania for three years. At this point, all evidence related to Child's well-being is in Pennsylvania. Moreover, based on the sad circumstances of this case, it is

likely that Mother currently does not reside in Tennessee, or possibly any state at all.

Thus, Pennsylvania is the home state pursuant to section 5421. No parent or person acting as a parent still resides in Tennessee (Maternal Grandmother resides in Erie, Father resides in Florida, and Mother has not been heard from since February 28, 2011 and may well be dead). Therefore, under section 5423, a Pennsylvania court has jurisdiction to modify the order of the Tennessee court.[2] *See J.K. v. W.L.K.*, ___ A.3d ___, 2014 WL 5040279 (Pa. Super. filed October 14, 2014).

Order vacated. Father's complaint for custody reinstated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2014

---

[2] Maternal Grandmother asserts that Father is judge-shopping, willing to play an away game in the home court of Maternal Grandmother, just to get away from Judge Lee Russell, the Tennessee judge who has found Father to be a despicable individual. The judge-shopping charge may well be true, but it is irrelevant to the jurisdictional issue. Moreover, we have no doubt that the courts of this Commonwealth are fully capable of discerning the facts applicable to Child's best interests.