J-A05002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAURA KAHLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY SMITH | : | |
| | : | |
| Appellant | : | No. 1284 MDA 2021 |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2019-09939

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:            **FILED: MAY 6, 2022**

Appellant, Timothy Smith (Father), appeals from the order entered on September 3, 2021, holding him in civil contempt of a stipulated 2019 custody order regarding his two minor sons, T.S. (born in 2012) and B.S. (born in 2006), dismissing Father's petition for the modification of custody, divesting Luzerne County of jurisdiction over this matter as an inconvenient forum pursuant to 23 Pa.C.S.A. § 5427 of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and directing Father to file any further legal action in Citrus County, Florida where the children currently reside with Laura Kahley (Mother).  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 8, 2019, Mother filed a complaint for custody of the

_____

[*] Former Justice specially assigned to the Superior Court.

parties' two sons with the trial court in Luzerne County, Pennsylvania. On November 21, 2019, the trial court entered a stipulated order granting Mother primary physical custody of the children and allowing Mother and the two children to relocate to Florida. The order further granted Father partial physical custody of the children for Christmas and summer vacations.

On June 8, 2021, Father filed a petition for civil contempt against Mother for her failure to return the children to Pennsylvania for summer vacation. On July 2, 2021, the trial court granted Father's petition and ordered Mother to comply with the stipulated order entered on November 21, 2019.

On August 10, 2021, Mother filed both a petition for civil contempt and a petition for special relief against Father following his failure to return the children to Florida for the start of school after Father's custody period during the summer concluded. In her petition for special relief, Mother requested the children be returned to Florida immediately and asked the trial court to enter an order granting her full primary custody. Mother also asked the trial court to "forward this action to Citrus County where [Mother and the children have] lived for almost two years" and to "help get [the] case switched to [Florida]." Mother's Petition for Special Relief, 8/10/2021, at 3.

The trial court convened a hearing on Mother's petitions on August 30, 2021. After the hearing, Father, on August 31, 2021 , filed a petition to modify custody in which he requested primary physical custody of T.S., one of the two children. The trial court scheduled a custody conciliation conference for September 27, 2021. On September 3, 2021, however, the trial court entered

an order finding Father to be in deliberate and willful contempt of the parties' stipulated order entered on November 21, 2019. The September 3, 2021 order also divested the trial court of jurisdiction, dismissed Father's petition to modify custody, and directed Father to file any further legal action in Citrus County, Florida where Mother and the minor children presently reside. This timely appeal resulted.[1]

On appeal, Father presents the following issue for our review:

1. Whether the trial court erred and abused its discretion in dismissing [Father's] petition to modify custody and divesting Luzerne County of jurisdiction and directing that [Father] file any further legal action in Citrus County, Florida, at a hearing on [Mother's] petition for special relief in custody petition and petition for civil contempt for disobedience of a custody order?

Father's Brief at 6 (superfluous capitalization omitted).[2]

Father argues that the trial court abused its discretion in dismissing his petition to modify custody, divesting the trial court of jurisdiction over this case, and directing Father to file future custody-related actions in Citrus County, Florida. *Id.* at 9. Father contends that "[t]here was insufficient evidence of record for the trial court to decline continuing, exclusive jurisdiction in Luzerne County in that Father and the minor children still have

---

[1] On October 1, 2021, Father filed a notice of appeal and corresponding concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 5, 2021. Mother did not appeal the trial court's determination and has not filed an appellate brief with this Court.

[2] We note that Father does not challenge the trial court's finding of contempt.

a significant connection with this Commonwealth." *Id.* at 9-10. Father argues that the evidentiary hearing held on August 30, 2021 "had nothing to do with jurisdiction" and "[t]he trial court even acknowledged that the hearing was to hold Father in contempt of [c]ourt." *Id.* at 11. Father asserts that "the trial court failed to properly analyze whether the minor children have a significant connection to Pennsylvania and turned immediately to its analysis of the factors under Section 5427 of the UCCJEA" pertaining to inconvenient forum. *Id.* at 12. Instead, Father maintains that "[t]here was no competent evidence for the trial court to rely on in holding that Luzerne County should be divested of jurisdiction" when "Mother simply testified that she wanted the trial court's help in transferring the case to Florida and the trial court advised Mother to get counsel" there. *Id.* at 11. He claims that "[h]ad Father known that he was going to need to present evidence, most likely in the form of testimony from the children and the children's family and friends, [] favoring Pennsylvania retaining jurisdiction, then he certainly would have done so." *Id.* at 15. Furthermore, Father assails the trial court's decision regarding six of the eight inconvenient forum factors pursuant to 23 Pa.C.S.A. § 5427. *Id.* at 13-16.

"This Court reviews inconvenient forum challenges under the UCCJEA pursuant to an abuse of discretion standard of review." *J.S. v. R.S.S.*, 231 A.3d 942, 951 (Pa. Super. 2020) (citation omitted). Moreover,

> [a] court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an

abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

**T.A.M. v. S.L.M.**, 104 A.3d 30, 32 (Pa. Super. 2014) (citation omitted).

We have stated:

Generally, the UCCJEA governs questions of child custody jurisdiction arising between Pennsylvania and the other states of the United States.

\*          \*          \*

At the start of a child custody case, a Pennsylvania trial court may enter an order awarding custody if it possesses jurisdiction to make an "initial child custody determination" pursuant to 23 Pa.C.S.A. § 5421. Most often, a court will possess jurisdiction if Pennsylvania is the child's "home state," meaning that the child has lived here with a parent for six consecutive months. **See** 23 Pa.C.S.A. § 5421(a)(1); 23 Pa.C.S.A. § 5402 (defining "home state," in relevant part, as "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."). If a Pennsylvania trial court with jurisdiction enters an order awarding custody, this state will retain "exclusive, continuing jurisdiction" unless or until certain conditions occur.

**R.S.S**., 231 A.3d at 947-948.

"[A] court of this Commonwealth which has made a child custody determination [] has exclusive, continuing jurisdiction over the determination[.]" 23 Pa.C.S.A. § 5422. "In accordance with the majority of UCCJA case law, the state with exclusive, continuing jurisdiction may relinquish jurisdiction when it determines that another state would be a more convenient forum under the principles of [S]ection 5427[.]" 23 Pa.C.S.A. § 5422, Comment.

More specifically, the UCCJEA provides, in pertinent part:

(a) General rule.--A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.  The issue of inconvenient forum may be raised upon motion of a party, the court's own motion or request of another court.

(b) Factors.--Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this Commonwealth;

(3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427(a)-(b); **see also** 23 Pa.C.S.A. § 5427, Comment ("The list of factors that the court may consider .... is not meant to be exclusive.").

Here, there is no dispute that Pennsylvania was the home state of the children because they lived here their entire lives and the stipulated custody order was filed in Pennsylvania on November 21, 2019. **See** Trial Court Opinion, 11/5/2021, at *4 (unpaginated) ("Because an initial custody determination was made by Luzerne County in 2019 and Father continues to exercise physical custody here, Luzerne County has exclusive, continuing jurisdiction."). As such, the trial court retained exclusive, continuing jurisdiction over the custody matter, and we must examine whether "certain conditions" subsequently occurred and there was sufficient evidence presented that Pennsylvania became an inconvenient forum.

In this case, Mother averred that she wanted Florida to assume jurisdiction over this case in her petition for special relief. She renewed her request orally at the August 30, 2021 hearing. N.T., 8/30/2021, at 17. As such, the record belies Father's claim that the August 30, 2021 hearing "had nothing to do with jurisdiction." Father's Brief at 11. Moreover, at the hearing, the trial court opined that Mother "obviously should speak to a lawyer to file any action [she] deem[ed] appropriate in Florida." N.T., 8/30/2021, at 18. Because the trial court ultimately divested jurisdiction, Mother may need counsel in Florida for any additional custody matters and, therefore, the trial court's statement regarding retaining Florida counsel did not constitute an abuse of discretion. Moreover, while Father suggests that the hearing held on

August 30, 2021 was not to address jurisdiction, this position would not foreclose a transfer of jurisdiction under Section 5427(a). Under that provision, a trial court "may decline to exercise its jurisdiction **at any time** if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum" and may raise the issue of inconvenient forum *sua sponte*. 23 Pa.C.S.A. § 5427(a) (emphasis added). Accordingly, we discern no abuse of discretion by the trial court in examining jurisdiction.

Furthermore, in its opinion, the trial court specifically scrutinized the information submitted by the parties, as well as each of the eight inconvenient forum factors as set forth in Section 5427 of the UCCJEA. Regarding the first factor, the trial court recognized that Mother resides in Florida and does not travel to Pennsylvania for custody exchanges and, therefore, "the courts in Florida are in a better position to protect Mother from abuse by Father" specifically with regard to a Protection from Abuse (PFA) order filed by Mother in Luzerne County in 2019. Trial Court Opinion, 11/5/2021, at *5 (unpaginated). As to the second factor, the trial court found that "[t]he children have primarily lived in Florida with Mother since 2019 and there was no evidence or testimony to suggest that Mother plans to return to Pennsylvania or leave Florida." *Id.* at *5. Regarding the financial circumstances of the parties under the fourth factor, the trial court determined that "Father consented to bear the cost of transporting the children to effectuate his periods of physical custody" pursuant to the stipulated custody

order and, therefore, "it is more financially feasible for Father to travel to Florida, if necessary, to attend [future] custody proceedings." *Id.* at *6. Regarding the sixth factor, where necessary evidence is located, the trial court found that this factor "weigh[ed] in favor of relinquishing jurisdiction to Florida[, because t]his is where the children reside the majority of time, attend school and receive medical care and counseling services [and t]he older child is in ROTC in Florida." *Id.* The trial court determined that courts in Pennsylvania have only been called upon to enforce the stipulated custody order entered by the parties but have not "made any determinations with respect to the best interests of the children" and, therefore, "the courts of Florida are best suited to make [such future] determination[s]." *Id.* at *6-7. The trial court concluded that the third factor pursuant to Section 5427 did not militate in favor of either forum and the fifth factor under the statute was inapplicable. *Id.* at *6.

We discern no abuse of discretion. Pursuant to Section 5427(a), before considering whether Luzerne County was an inconvenient forum, the trial court considered whether it was appropriate for a court of another state to exercise jurisdiction, namely, Florida. The trial court allowed the parties to submit information pertaining to jurisdiction and the court thoughtfully considered all of the relevant factors under Section 5427(b). While Father generally argues that there was insufficient evidence to support the trial court's decision to divest jurisdiction and deny Father's petition for custody modification, this contention is unavailing. Father does not point to evidence

that supports his petition to modify custody. Moreover, for purposes of determining whether it is appropriate for a court of another state to exercise jurisdiction, the UCCJEA requires only that the trial court permit the parties to submit relevant information (which it did), the statute does not require sworn evidence or documentary proof. *See* 23 Pa.C.S.A. § 5347(b). Father did not file a motion for reconsideration pointing to evidence countering the trial court's decision. Likewise, on appeal, Father does not refer to evidence that refutes the trial court's determinations. Upon review, we conclude that the trial court had sufficient information to determine whether Pennsylvania was an inconvenient forum for the parties. Most notably, the trial court determined that much of the evidence relating to future custody disputes, including testimony from the children and Mother, as well as records pertaining to the children's education, medical care, and counseling services, is located in Florida. This contention remains uncontradicted.[3] For all of the foregoing reasons, we discern no trial court abuse of discretion in divesting jurisdiction. Because the trial court determined that Florida was the more convenient

_____

[3] Father merely asserts that "[t]he trial court abused its discretion [] as the record is completely devoid of any evidence or testimony as to the children's medical care and counseling services, so the trial court essentially made a bald assumption." Father's Brief at 15. However, there is uncontradicted record evidence that B.S. attends group counseling at Lighthouse Center in Florida. N.T., 8/30/2021, at 9. He participated in therapy via Zoom while he was in Pennsylvania. *Id.* Furthermore, there is no evidence that the children receive medical treatment in Pennsylvania and Father offers none. Finally, we note that there is no dispute that the children attend school in Florida. Thus, their school records are clearly located there.

forum, it was proper to dismiss Father's petition for modification of custody and direct Father to file any additional custody matters in Florida.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022